LODGED
RECEIVED    MAIL

MAY 24 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY

**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON**

*(handwritten left margin: IFP APP | No Summons Issued)*

| | |
|---|---|
| JAMES P. CAMPBELL AND CHERI A. STADTLANDER<br><br>Plaintiffs,<br><br>vs.<br><br>INDYMAC MORTGAGE SERVICES A DIVISION OF ONEWESTBANK, FSB<br><br>AND<br><br>MORTGAGE ELECTRONIC REGISTRATION SERVICES<br><br>Defendants, | CASE NO. **CV11 867** *RSL*<br><br>**COMPLAINT FOR DAMAGES Under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68 of October 15, 1970**<br><br>**JURY DEMAND**<br><br><br><br>**11-CV-00867-CMP** |

## Parties to this Complaint

### Plaintiffs:
James P. Campbell and Cheri A. Stadtlander,
Husband and Wife
8118 232nd St. SE
Woodinville, WA 98072
206-427-5653

### Defendant:
OneWestBank, FSB
Foreclosure Department
888 E Walnut Street
Pasadena, Ca 91101

### Defendant:
Mortgage Electronic Registration Systems
1818 Library Street, Suite 300
Reston, VA 20190

---

COMPLAINT FOR DAMAGES Under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68 of October 15, 1970 - 1

James P. Campbell, *pro se*
8118 232nd St. SE
Woodinville, WA 98072
206-427-5653

1

2

### Jurisdiction

3

Plaintiffs are residents of the State of Washington.  Complaint involves an alleged violation of a

4

federal statute by two Defendants which are both foreign to the State of Washington.  Federal

5

Court is also the proper venue for this litigation due to jurisdictional diversity.

6

### Statement of Claim

7

8

1. Plaintiffs allege that Defendants have repeatedly colluded to wrongfully encumber the

9

   title of valuable real property owned by the Plaintiffs (the Plaintiffs' personal residence)

10

   for the ultimate purpose of seizing such property, liquidating it, and distributing the

11

   proceeds to themselves and their associates which are located in several different states

12

   and in at least one foreign country (Germany).

13

2. This wrongful encumbering, seizure, liquidation and distribution of funds is part of an

14

   overall and ongoing pattern of collusion which affects not only the Plaintiffs but an entire

15

   class of homeowners nationwide whose loans have been securitized during the first

16

   decade of this century; and who already have been or may be wrongfully foreclosed upon

17

   in the future.

18

3. Because the Defendants collude and communicate with each other and their associates,

19

   and with the Plaintiffs, through the U.S. mail, telephonically and the internet,  Plaintiffs

20

   allege that these unlawful activities are prohibited by the Racketeer Influenced and

21

   Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68.

22

23

24

25

James P. Campbell, *pro se*
8118 232nd St. SE
Woodinville, WA 98072
206-427-5653

### Facts

1. Plaintiffs are the owners in fee simple of the real property located at 8118 232nd St. SE Woodinville, WA 98072; Snohomish County Tax Parcel No. 00792200002100. Such property is and has been the personal residence of the Plaintiffs since 1995.

2. Plaintiffs executed a promissory note (Note) on January 25, 2007.

3. Plaintiffs executed a Deed of Trust on January 25, 2007 which is the security agreement for the Note.

4. The security identified in the Deed of Trust is the personal residence of the Plaintiffs.

5. The Deed of Trust was recorded with the Snohomish County (Washington) Auditor on March 5, 2007.

6. Both the Note and Deed of Trust identify E-LOAN, INC. as "Lender".

7. The Deed of Trust identifies Defendant: Mortgage Electronic Registration Systems (MERS) as "beneficiary under this security agreement".

8. Defendant MERS appears nowhere on the original Note or on any subsequent endorsement affixed upon the Note.

9. Defendant OneWestBank, FSB (OneWest) is engaged in the business of residential loan servicing through a division of OneWest called IndyMac Mortgage Services (IndyMac).

10. OneWest claims to have the authority to direct a trustee's sale of the Plaintiffs' current residence on behalf of an entity called: "Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2007-A5, Mortgage Pass-Through Certificates, Series 2007-E under the Pooling and Servicing Agreement dated March 1, 2007" (Deutsche).

COMPLAINT FOR DAMAGES Under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68 of October 15, 1970 - 3

James P. Campbell, *pro se*
8118 232nd St. SE
Woodinville, WA 98072
206-427-5653

11. Deutsche Bank is a multinational financial institution headquartered in Frankfurt, Germany.

12. IndyMac's authority as loan servicer was purportedly delegated to it by Deutsche and such authority purportedly includes the facilitation of deed of trust assignments from MERS to Deutsche.

13. Plaintiffs are unaware of the entirety of the agreement(s) between MERS and OneWest and IndyMac and Deutsche.

14. An example of Defendant OneWest's responses to Plaintiffs' requests for documentation of such agreement(s) is: *"The service agreement between IndyMac Mortgage Services and any investor are confidential or we are not under any legal or contractual obligation to disclose to you, including but not limited to any documents that provide information pertaining to the origination of the loan."* (Defendant OneWest to Plaintiffs February 3, 2011).

15. Defendant OneWest included the mailing address of Deutsche (as trustee of RAST 2007 A5) in that same February 3, 2011 correspondence as: 1761 E St. Andrews Place Santa Ana, CA 92705.

16. Plaintiffs have written several times to Deutsche at the Santa Ana, CA address requesting corroboration of the authority allegedly delegated to IndyMac by Deutsche.

17. The fourth letter written to Deutsche is attached as Exhibit A.

18. Plaintiffs have never *ever* received a direct response from Deutsche to any written correspondence sent to Deutsche by Plaintiffs at 1761 E St. Andrews Place Santa Ana, CA 92705.

COMPLAINT FOR DAMAGES Under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68 of October 15, 1970 - 4

James P. Campbell, *pro se*
8118 232nd St. SE
Woodinville, WA 98072
206-427-5653

19. A document entitled ASSIGNMENT OF DEED OF TRUST purporting to transfer the Plaintiffs' Deed of Trust and Note from Defendant MERS to Deutsche was filed with the Snohomish County Auditor on June 26, 2009 <u>EXHIBIT B</u>.

20. A second document entitled ASSIGNMENT OF DEED OF TRUST purporting to transfer the Plaintiffs' Deed of Trust and Note from Defendant MERS to Deutsche was filed with the Snohomish County Auditor on February 18, 2011 <u>EXHIBIT C</u>.

21. The Securitized Trust referenced in both ASSIGNMENTS was closed in 2007.

22. A "closed" securitized trust is one which is comprised of a fixed number of loans which have been bundled together and then the trust is "closed" to the introduction of additional loans in the future.

23. Both of the ASSIGNMENTS assert the following in the final sentence: "Together with the Note or Notes...".

24. Deutsche appears nowhere on the original Note or on any subsequent endorsements affixed upon the Note.

25. On three separate occasions IndyMac authorized an entity called Regional Trustees Services Corporation (RTSC), whose home office is in Seattle, Washington, to conduct a trustee's sale of the Plaintiffs' residence.

26. Plaintiffs are unaware of the entirety of the agreement(s) between MERS and OneWest and IndyMac and Deutsche and RTSC.

27. In 2009 the Plaintiffs filed for bankruptcy in the Western District of Washington, case No. 09-19695 due in large measure to the first threat of a trustee's sale (<u>EXHIBIT B</u>) of their home by RTSC at the direction of Defendant OneWest.

COMPLAINT FOR DAMAGES Under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68 of October 15, 1970 - 5

James P. Campbell, *pro se*
8118 232nd St. SE
Woodinville, WA 98072
206-427-5653

28. Defendant OneWest obtained relief from stay from Plaintiffs' bankruptcy (the motion for relief was unopposed by Plaintiffs) in 2010 and renewed its efforts through RTSC to conduct a trustee's sale of Plaintiffs' home.

29. Each of the second two trustee's sales were eventually opposed by the Plaintiffs on the grounds that IndyMac had furnished the Plaintiffs' with neither the necessary documentation of authority from Deutsche to direct a trustee's sale nor had it demonstrated the legal standing to authorize a trustee's sale on behalf of either itself or Deutsche under Washington State law.

30. Each of the second two trustee's sales were opposed by the Plaintiffs on the grounds that RTSC had not only failed to comply with the Washington Deed of Trust Act (codified under RCW 61.24), but that RTSC was actually assisting IndyMac by disregarding and circumventing key provisions of this statute; most notably documentation of current the ownership of the Plaintiffs' promissory Note and the chain of ownership transfers.

31. Each of the second two trustee's sales were opposed by the Plaintiffs on the well-established grounds that  the transfer of promissory note ownership carries with it the security agreement as incident but the same is not true of the reverse.

32. With each ASSIGNMENT OF DEED OF TRUST the Defendants were attempting to transfer the security agreement (Plaintiffs' Deed of Trust) from MERS to Deutsche while creating the illusion that such an assignment would deliver the Note to Deutsche as incident (the Defendants twice attempted to effectuate the unlawful reverse).

33. Any Assignment of a deed of trust is nullity if the Assignee is not the owner of the associated promissory note.

COMPLAINT  FOR  DAMAGES  Under  the  Racketeer
Influenced  and  Corrupt  Organizations  ("RICO")  Act,  18
U.S.C. §§ 1961-68 of October 15, 1970 - 6

James P. Campbell, *pro se*
8118 232nd St. SE
Woodinville, WA 98072
206-427-5653

34. Such a "transfer" if unopposed would wrongfully vest power of sale of the security (Plaintiffs' home) to an entity which had no legal right to acquire such power of sale.

35. Plaintiffs were eventually furnished with a copy of the original Note by RTSC in 2011 which featured undated and signed endorsement stamps but no evidence that Deutsche is or ever was an endorsee (owner) of the Note (<u>EXHIBIT D</u>).

36. *Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2007-A5, Mortgage Pass-Through Certificates, Series 2007-E under the Pooling and Servicing Agreement dated March 1, 2007* is not the owner of the Plaintiffs' promissory Note because this entity is not identified as an endorsee on this Note.

37. The Note copy furnished to Plaintiffs by RTSC likewise features no evidence that MERS was ever documented to be an endorsee (subsequent owner) of the Note.

38. Each of the second two trustee's sales were opposed by the Plaintiffs on the grounds that MERS never *ever* had an ownership interest in of the Note.

39. Since MERS never owned the Note, it logically follows that MERS never had authority to transfer the Note to any party, including Deutsche.

40. The effort by Defendant OneWest, through RTSC, to conduct a trustee's sale of Plaintiffs' home continues to the present day, unlawfully so.

41. The recording such an ASSIGNMENT OF DEED OF TRUST *Together with the Note or Notes*, is tantamount to slander of title since the assignor (Defendant MERS) could not legally transfer something it never did own, specifically the Note, to Deutsche.

COMPLAINT FOR DAMAGES Under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68 of October 15, 1970 - 7

James P. Campbell, *pro se*
8118 232nd St. SE
Woodinville, WA 98072
206-427-5653

42. Erica Johnson-Seck is notorious "robo-signer" and her signature appears on the first ASSIGNMENT OF DEED OF TRUST (EXHIBIT A).

43. A typical "robo-signer", like Ms. Johnson-Seck, may not necessarily possess the requisite legal expertise to know the legalities required to legitimately transfer ownership of a promissory note.

44. The party or parties (the "higher-ups") that author these ASSIGNMENT OF DEED OF TRUST documents and direct the distribution of them to their associates after they are robo-signed most certainly either possess or at least have direct access to such legal expertise.

45. The recording of both documents entitled ASSIGNMENT OF DEED OF TRUST (both are nullities because they purport to transfer the Note as well) were precursors to an attempt to seize the property of the Plaintiffs for future liquidation and distribution of the proceeds to the Defendants and certain of their associates.

46. Since the purported authority for the property seizure and liquidation by Defendant OneWest is rooted in a null ASSIGNMENT OF DEED OF TRUST, this pre-planned series of document executions and recordings can accurately be described as an interstate racketeering enterprise designed to generate ill-gotten financial distributions to the Defendants and their associates from the liquidations of real properties through illegal trustee's sales.

47. On the local level (within the State of Washington) RTSC is one such associate which assists in the facilitation of this racket on behalf of itself and the foreign Defendants; and shares in the distribution of the proceeds generated by this activity.

COMPLAINT FOR DAMAGES Under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68 of October 15, 1970 - 8

James P. Campbell, *pro se*
8118 232nd St. SE
Woodinville, WA 98072
206-427-5653

48. Plaintiffs allege that the Defendants' repeated clandestine attempts to seize and liquidate the Plaintiffs' residence on behalf of itself, its associates and a shadowy "investor" (which is apparently the unresponsive Deutsche) are part of a pattern of similar or identical racketeering activity.

49. Because these collusive activities are ongoing and impact not just the Plaintiffs but the public in general, they fit the common definition of organized crime and are thus prohibited by the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68.

50. "RICO has significantly dented the operations of organized crime. But Notre Dame law professor G. Robert Blakey, one of its main drafters, insists that Congress never intended to restrict its application to the Mob. '*We don't want one set of rules for people whose collars are blue or whose names end in vowels, and another set for those whose collars are white and have Ivy League diplomas,*' he says."[1]

---

[1] *Time Magazine. Law: Showdown At Gucci by Alain L. Sanders; Priscilla Painton / New York Monday, Aug. 21, 1989*

COMPLAINT FOR DAMAGES Under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68 of October 15, 1970 - 9

James P. Campbell, *pro se*
8118 232nd St. SE
Woodinville, WA 98072
206-427-5653

## **Relief Requested**

Plaintiffs respectfully request an Order from this court:

1. Commanding the Defendants to rescind and remove from the public record the following instruments which were filed with the Snohomish County (Washington) Auditor at the direction of the Defendants: Rec # 200906260625 ASSIGNMENT OF DEED OF TRUST (<u>EXHIBIT B</u>) and Rec # 201102180474 ASSIGNMENT OF DEED OF TRUST (<u>EXHIBIT C</u>) and;

2. Commanding the Defendants to furnish Plaintiffs with a title insurance policy at Defendants' expense which reflects such rescissions and removal of each ASSIGNMENT OF DEED OF TRUST from the public record and;

3. Commanding the Defendants to reimburse Plaintiffs for any an all attorney fees and court costs expended by the Plaintiffs resulting from the execution and recording of each ASSIGNMENT OF DEED OF TRUST by the Defendants and;

4. Imposing any further sanctions against the Defendants which this Court deems reasonable and just under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68.

James P. Campbell, Plaintiff, pro se
Dated May 22, 2011

COMPLAINT FOR DAMAGES Under the Racketeer
Influenced and Corrupt Organizations ("RICO") Act, 18
U.S.C. §§ 1961-68 of October 15, 1970 - 10

James P. Campbell, *pro se*
8118 232nd St. SE
Woodinville, WA 98072
206-427-5653

# EXHIBIT A

*AAA*

April 26, 2011

James P. Campbell
Cheri A. Stadtlander
8118 232nd St. SE
Woodinville, WA 98072

Mr. David Co
Deutsche Bank National Trust Company
1761 E. St. Andrews Place
Santa Ana, CA 92705-4934

Re: **Fourth Request For Response**

VIA Certified Mail
Article No. 7010 1870 0001 1972 2309

Dear Mr. Co:

I have written to you three on three previous occasions this year: January 26, March 14 and April 4. I have yet to receive a response from either you or anyone else at Deutsche Bank National Trust Company. Apparently, your policy is to simply forward these communications to IndyMac. However considering the circumstances, this policy is not appropriate.

On February 3, 2011, IndyMac confirmed the identity and address of the trustee. IndyMac also asserted in that letter, anonymously, that our loan was pooled into RAST 2007-A5. However this assertion is not only unsubstantiated, the available evidence indicates that it is not true.

I have enclosed a recent letter to (the attorney for) RTSC presenting my arguments for why this is likely to be not true. In addition to those arguments, there is that Memo that you personally wrote on July 28, 2008 which also supports the argument that our loan was *not* pooled into RAST 2007-A5.

Since Deutsche Bank National Trust Company is the trustee for RAST 2007-A5, then it most certainly must have evidence that corroborates the assertion by IndyMac that our loan was pooled into this RAST *in accordance with all SEC filings*. If Deutsche either

cannot or will not refute the available evidence referenced herein, then it would be reasonable to conclude that IndyMac has no legal standing to direct a trustee's sale on behalf of RAST 2007-A5.    Your response is required not later than May 10, 2011. Thank you.

Respectfully,

James P. Campbell

Encl: IndyMac Letter February 3, 2011
      David Co Memo July 28, 2008
      Kollenkark Letter April 21, 2011

# EXHIBIT B

JUNE 22, 2009   C

When recorded, mail to:

INDY MAC BANK
Attn:  Foreclosure Department
7700 W Parmer LANE
AUSTIN, TEXAS 78729

200906260525        2    PGS
06/26/2009 2:17pm $15.00
SNOHOMISH COUNTY, WASHINGTON

---

Trustee's Sale No:  01-FMB-75944

FIDELITY NATIONAL TITLE
09036 7683        2/6

## *FMB7594401112000000*

### ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ITS SUCCESSORS AND ASSIGNS, by these presents, grants, bargains, sells, assigns, transfers and sets over unto Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2007-A5, Mortgage Pass-Through Certificates, Series 2007-E under the Pooling and Servicing Agreement dated March 1, 2007, all beneficial interest under that certain Deed of Trust dated 1/25/2007, and executed by JAMES P. CAMPBELL AND CHERI A. STADTLANDER, HUSBAND AND WIFE, as Grantor, to COMMONWEALTH LAND TITLE, as Trustee, and recorded on 3/5/2007, under Auditor s File No. 200703050919, of SNOHOMISH County, State of WASHINGTON, and covering property more fully described on said Deed of Trust referred to herein.

Together with the Note or Notes therein described or referred to, the money due and to become due therein with interest, and all rights accrued or to accrue under said Deed of Trust.

1

Assn

Trustee's Sale No:  01-FMB-75944

Dated: _5-28-09_

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR ITS
SUCCESSORS AND ASSIGNS

BY: _____
    Erica A. Johnson-Seck, Vice President
    Name          Title

STATE OF ____Texas____ )
                   ) ss.
COUNTY OF __Williamson__ )

On _5-28-09_, before me, _Lorna Morell_
personally appeared __Erica A. Johnson-Seck__, personally known to me (or proved to me on
the basis of satisfactory evidence) to be the person(s) whose name is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted executed the instrument.

WITNESS my hand and official seal.

LORNA M. MORELL
Notary Public, State of Texas
My Commission Expires
December 23, 2012

_____
NOTARY PUBLIC in and for the State of
Texas , residing at: Travis
My commission expires: _____

2

Assn

# EXHIBIT C

Case 2:11-cv-00867-RSL   Document 3   Filed 05/27/11   Page 18 of 23   LN-1

2/16/2011

When recorded, mail to:

ONEWEST BANK, FSB
Attn: Foreclosure Department
888 E WALNUT STREET
PASADENA, CALIFORNIA 91101

Trustee's Sale No: 01-FMB-106453

\*FMB10645301112000000\*

### ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR E-LOAN, INC., by these presents, grants, bargains, sells, assigns, transfers and sets over unto Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2007-A5, Mortgage Pass-Through Certificates, Series 2007-E under the Pooling and Servicing Agreement dated March 1, 2007, all beneficial interest under that certain Deed of Trust dated 1/25/2007, and executed by JAMES P. CAMPBELL AND CHERI A. STADTLANDER, HUSBAND AND WIFE, as Grantor, to COMMONWEALTH LAND TITLE, as Trustee, and recorded on 3/5/2007, under Auditor's File No. 200703050919, of SNOHOMISH County, State of WASHINGTON, and covering property more fully described on said Deed of Trust referred to herein.

Together with the Note or Notes therein described or referred to, the money due and to become due therein with interest, and all rights accrued or to accrue under said Deed of Trust.



Trustee's Sale No: 01-FMB-106453

Dated:   FEB 1 6 2011

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR E-LOAN, INC.

BY: _____
Suchan Murray                    Assistant Secretary
**Name**                              **Title**

STATE OF ___Texas___ )
                                     ) ss.
COUNTY OF ___Travis___ )

On ___FEB 1 6 2011___ before me, ___Sharon Renee McClendon___
personally appeared ___Suchan Murray___ Assistant Secretary who proved to me on the basis of
satisfactory evidence to be the person(s) whose name is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and
that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted executed the instrument.

WITNESS my hand and official seal.

SHARON RENEE MCCLENDON
Notary Public, State of Texas
My Commission Expires
February 17, 2013

NOTARY PUBLIC in and for the State of _____
___Texas___ ; residing at: _____
My commission expires: _____

# EXHIBIT D

# InterestFirst<sup>SM</sup> NOTE

| | | |
|---|---|---|
| **JANUARY 25, 2007** | **Coraopolis,** | **PENNSYLVANIA** |
| [Date] | [City] | [State] |

**8118 232nd Street SE, Woodinville, WA 98072**
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S.    $656,250.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is    E-LOAN, INC., A DELAWARE CORPORATION.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    7.750%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will make a payment every month. This payment will be for interest only for the first    120    month(s), and then will consist of principal and interest.

I will make my monthly payment on the    1ST    day of each month beginning on MARCH 1, 2007.
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on FEBRUARY 1, 2037    I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at    6230 STONERIDGE MALL ROAD
PLEASANTON, CA 94588


or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S.    $4,238.28    for the first    120    month(s) of this Note, and thereafter will be in the amount of U.S.    $5,387.47.    The Note Holder will notify me prior to the date of change in monthly payment.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose

**MULTISTATE InterestFirst FIXED RATE NOTE** - Single Family - Fannie Mae **UNIFORM INSTRUMENT**
Form 3271 01/01
© 2001-2002 Online Documents, Inc.                    **Page 1 of 3**

Initials: _____

F3271NOT   0810
01-25-2007 15:08

Exhibit A

to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of ___15___ calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be ___5.000%___ of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MULTISTATE InterestFirst FIXED RATE NOTE - Single Family - Fannie Mae UNIFORM INSTRUMENT
Form 3271 01/01
© 2001-2002 Online Documents, Inc.                     **Page 2 of 3**                     Initials: _C.4.S_
_____
F3271NOT  0310
01-25-2007  15:08

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
James P. Campbell

_____ (Seal)
Cheri A. Stadtlander

PAY TO THE ORDER OF
IndyMac Bank, F.S.B.
WITHOUT RECOURSE

DAVID DIRI
TREASURY ANALYST
E-LOAN, INC.
6230 STONERIDGE MALL RD.
PLEASANTON, CA 94588

Pay To The Order Of

Without Recourse
IndyMac Bank, F.S.B.

By _____
Brian Brouillard
First Vice President

[Sign Original Only]

MULTISTATE InterestFirst FIXED RATE NOTE - Single Family - Fannie Mae UNIFORM INSTRUMENT
Form 3271 01/01
© 2001-2002 Online Documents, Inc.                Page 3 of 3                F3271NOT   0310
                                                                             01-25-2007 15:08