UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES P. CAMPBELL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> INDYMAC MORTGAGE SERVICES, *et al.*, <br><br> Defendant. | Case No. C11-0867RSL <br><br> ORDER GRANTING <br> MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by defendants IndyMac Mortgage Services, a division of OneWest Bank, FSB ("OneWest"), and Mortgage Electronic Registration Services, Inc. ("MERS") for failure to state a claim. For the reasons set forth below, the Court grants defendants' motion.[1]

## II. DISCUSSION

**A. Background Facts.**

Plaintiffs, married couple James Campbell and Cheri Stadtlander, are proceeding *pro se*. They filed their complaint in this Court alleging that defendants colluded to "wrongfully

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda and the balance of the record, defendants' request for oral argument is denied.

ORDER GRANTING
MOTION TO DISMISS - 1

1  encumber the title of valuable real property owned by the Plaintiffs (the Plaintiffs' personal
2  residence) for the ultimate purpose of seizing such property, liquidating it, and distributing the
3  proceeds to themselves and their associates." Complaint at ¶ 1. Plaintiffs assert a single claim:
4  they allege that defendants violated the Racketeer Influenced and Corrupt Organizations Act
5  ("RICO"), 18 U.S.C. § 1961 *et seq*.

6  According to the complaint, the note and deed of trust identify E-LOAN, INC. as
7  "lender." Complaint at ¶ 6. As part of the loan transaction, plaintiffs signed a promissory note
8  in favor of E-Loan in the amount of $656,250.00. Id., Ex. D. The note was secured by a deed of
9  trust, which named E-Loan as the lender, MERS as the beneficiary, and Commonwealth Land
10 Title as the trustee. Request for Judicial Notice ("RJN"), Ex. A. E-Loan later transferred its
11 interest in plaintiff's loan to Deutsche Bank National Trust Company, as trustee of a mortgage
12 loan pool trust. RJN, Ex. D.

13 Plaintiffs ceased making payments on their loan in February 2009. As a result, Deutsche
14 Bank began foreclosure proceedings. In June 2009 and again in February 2011, MERS recorded
15 an assignment to Deutsche Bank of its beneficial interest in plaintiffs' deed of trust. Thereafter,
16 Deutsche Bank replaced Commonwealth Land Title with a successor trustee, Regional Trustee
17 Services Corporation ("Regional"). RJN, Ex. B. Regional recorded a Notice of Trustee's Sale
18 on March 23, 2011. RJN, Ex. C. On June 24, 2011, Regional sold plaintiffs' home to Deutsche
19 Bank.

20 The complaint alleges, "OneWest claims to have authority to direct a trustee's sale of the
21 Plaintiffs' current residence on behalf of an entity called: 'Deutsche Bank National Trust
22 Company.'" Complaint at ¶ 10. "Plaintiffs allege that the Defendants' repeated clandestine
23 attempts to seize and liquidate the Plaintiffs' residence on behalf of itself, its associates and a
24 shadowy 'investor' (which is apparently the unresponsive Deutsche) are part of a pattern of
25 similar or identical racketeering activity." Id. at ¶ 48. Among other relief, plaintiffs seek an
26 order directing defendants "to rescind and remove from the public record" two assignments of

27
28 ORDER GRANTING
   MOTION TO DISMISS - 2

deeds of trust that were filed with the Snohomish County Auditor. Id. at p. 10.

**B.     Dismissal Standard.**

Defendants have filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted. The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted). A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." Id. at 555. The complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." Id. A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.

In this case, defendants submitted several documents with a request for the Court to take judicial notice of them, including the deed of trust, an appointment of successor trustee, a notice of trustee's sale, a trustee's deed, an order granting relief from bankruptcy stay, and a cancellation of deed of trust. The Court takes judicial notice of the documents because they are part of the public record and/or are referenced in plaintiffs' complaint and their authenticity is not disputed. See, e.g., Chapel v. MERS, Inc., 2010 WL 4622526 at *2 (W.D. Wash. Nov. 2, 2010); see, e.g., Townsend v. Columbia Operations, 667 F.2d 844, 848-49 (9th Cir. 1982). Plaintiffs do not dispute the authenticity of any of the documents and agree that the Court should consider them.

ORDER GRANTING
MOTION TO DISMISS - 3

1  Plaintiffs request that the Court take judicial notice of information that they claim may be
2  accessed through the following web address:
3  http://www/secinfo.com/$/SEC/Registrant.asp?CIK=1391720.  That address leads to a large
4  number of documents, and plaintiffs do not direct the Court to any in particular.  Nor is the Court
5  required to comb through the on-line documents to find something that might assist plaintiffs.
6  Plaintiffs have not identified a basis for finding that the documents are a proper subject of
7  judicial notice.  Even if the documents were subject to judicial notice, the information therein is
8  irrelevant for purposes of this motion.[2]

**C.  Analysis.**

Although plaintiffs filed this lawsuit before the trustee's sale occurred, they never attempted to enjoin or otherwise restrain the trustee's sale.  As this Court has previously held, objections to the trustee's sale are waived where pre-sale remedies are not pursued.  Pavino v. Bank of America, C10-1943RSL at p. 5 (W.D. Wash. March 4, 2011) (citing Plein v. Lackey, 149 Wn.2d 214, 229 (2003)).  Failure to enjoin the sale will not waive claims for damages asserting common law fraud or misrepresentation, violation of Title 19 of the RCW, or failure of the trustee to materially comply with provisions of the Deed of Trust Act ("DTA").  Id (citing RCW 61.24.127(1)).  Plaintiffs are not asserting any of those claims, and the statute does not preserve RICO claims.  Accordingly, plaintiffs have waived their RICO claim.

Even if plaintiffs had not waived their RICO claim, it would fail as a matter of law. Plaintiffs have not pled their RICO-related fraud allegations with the required particularity.  Nor have plaintiffs argued that they relied on any false statements to their detriment.

Moreover, although they contend that MERS never had the authority to assign the note, the facts remains that it was lawfully transferred.  Because plaintiffs endorsed their promissory note in blank, it became bearer paper, negotiable simply by transfer of possession.  RCW 62A.3-

---

[2] In their response, plaintiffs contend that the website contains information about how plaintiffs' note became a component of a securitized trust.

ORDER GRANTING
MOTION TO DISMISS - 4

205(b); UCC § 1-201(b)(21)(A); UCC § 9-109(b).  Deutsche Bank was the holder of plaintiffs' note, so it was entitled to enforce the note and the deed of trust.  UCC § 9-203(g) & 9-310(c); UCC § 9-601.  Therefore, Deutsche Bank was entitled to foreclose on plaintiffs' property.  Accordingly, plaintiffs' complaint is subject to dismissal.

**D.     Leave to Amend.**

Pursuant to Federal Rule of Civil Procedure 15(a), courts are instructed to "freely give leave [to amend] when justice so requires."  The Court must evaluate whether the complaint could be saved by "any amendment."  Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

In this case, plaintiffs have moved to amend their complaint to add a third defendant: Regional Trust Services Corporation.  Plaintiffs did not propose to add any additional factual allegations or claims.  There is no evidence of bad faith, undue delay, or any prejudice from an amendment.  However, for the same reasons set forth above, plaintiffs' RICO claim also fails against Regional Trust Services Corporation.  Accordingly, leave to amend is denied as futile.

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiffs' motion to amend (Dkt. #5) and GRANTS defendants' motion to dismiss (Dkt. #8).  The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiffs.

Dated this 6th day of September, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge